## IN RE ESTATE OF POWERS.

(No. 470—Decided April 27, 1942.)

*Messrs. Young & Young,* for appellant, Nelle B. Stull.
*Mr. Earl S. Miller* and *Mr. Raymond N. Watts,* for appellee, Mark L. Powers.

LLOYD, J. Nelle B. Stull, a daughter and an heir-at-law of Anna Jennings Powers, filed exceptions in

the Probate Court to the inventory of the estate of Anna Jennings Powers filed therein by Mark L. Powers, administrator of the decedent's estate. Upon hearing thereof, the Probate Court, upon motion of the administrator, dismissed the exceptions at the exceptor's costs. Nelle B. Stull appeals from this judgment on questions of law.

In her exceptions to the inventory, the appellant alleges that "household goods and furnishings; jewelry belonging to said decedent and sundry other miscellaneous assets," are omitted from the inventory.

The bill of exceptions discloses that theretofore Nelle B. Stull had filed a petition in the Court of Common Pleas alleging that Mrs. Powers, the decedent, at the time of her death was the owner of a "bank account of approximately $1,400, certain diamonds and jewelry of the value of approximately $1,500 and other miscellaneous items including household furnishings and a certain Plymouth automobile," and two parcels of real estate described therein; that the defendant, Mark Powers, by fraud and undue influence, obtained a conveyance to him by Anna Jennings Powers of the real estate; and that the "defendants John Staples and Ruth Staples are claiming that they also purchased the household furnishings and personal effects contained in the home situated on said premises, some of which are owned by the plaintiff, of the value of $1,500, and the remainder of which were owned by the said decedent; that said defendants John Staples and Ruth Staples are threatening to sell such of said articles as they have not already converted to their own use."

The prayer of the petition is "that all of said transactions and transfers be set aside, that she be restored to possession of such articles of personal property as

she now owns and is entitled to possession of, or be given judgment against said defendants for the conversion thereof in the sum of $1,500.''

The administrator claims that by reason of the cause of action alleged by Nelle B. Stull in her petition, the Probate Court was vested with discretion as to hearing the exceptions to the inventory, the same property being involved therein, title to which was being contested by the exceptor in her action commenced in the Court of Common Pleas.

All that appear in the record and in the bill of exceptions are the exceptions to the account and the petition of the plaintiff filed in the Court of Common Pleas. There is neither evidence nor admission that the property claimed in the exceptions to have been omitted from the inventory and that described in the petition are identical. The question of the claimed discretion of the Probate Court to dismiss the exceptions because of the pending action in the Court of Common Pleas is not presented by the record herein to this court and accordingly the judgment of the Probate Court is reversed and the cause is remanded thereto for further proceedings according to law.

*Judgment reversed and cause remanded.*

OVERMYER and CARPENTER, JJ., concur.